IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRITTANI BEASLEY,** | § § § | |
| Plaintiff, | § § § | |
| v. | § § | No. 4:25-cv-06074 |
| **JAMES HARDEN, 13 STRIKES, LLC, THIRTEEN HOSPITALITY GROUP, LLC.,** | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS JAMES HARDEN AND 13 STRIKES, LLC'S 12(b)(6) MOTION TO DISMISS

Respectfully submitted,

**OF COUNSEL:**

**EMMA BROCKWAY**
State Bar No. 24125156
Southern District ID No. 3709883
ebrockway@fisherphillips.com

**ELIZABETH J. PORTIE**
Texas Bar No. 24149308
S.D. Tex. No. 3940724
eportie@fisherphillips.com

**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 292-0150 Office
(713) 292-0151 Fax

*/s/ Elizabeth J. Portie*
**JOSEPH W. GAGNON**
State Bar No. 00787507
Southern District ID No. 16885
jgagnon@fisherphillips.com

**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, Texas 77002
( (713) 292-0150 Office
(713) 292-0151 Fax

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS……..………………….1

    A. Plaintiff has already filed a lawsuit against James Harden and 13 Strikes…………………………….…………………………………....…1

    B. The present lawsuit is based on the same facts as Plaintiff's First Lawsuit……………………………………………………………...…...3

II. SUMMARY OF THE MOTION………………………………………….4

III. STATEMENT OF THE ISSUES…………………………………………4

IV. STANDARD OF REVIEW………………………………………………4

V. ARGUMENTS AND AUTHORITIES…………………………………..6

    A. Plaintiff's claims should be dismissed under Rule 12(b)(6) because Plaintiff's claims are insufficient to establish plausible claims for as relief as to any of the causes of action asserted against the Defendants.……………………………………………………...……6

        1. Plaintiff fails to state a plausible claim for hostile work environment……………………………………………….6

        2. Plaintiff fails to state a plausible claim for retaliation…….…9

        3. Plaintiff fails to state a plausible claim for breach of representation agreement.…………………………...…...10

        4. Plaintiff fails to state a plausible claim for wage discrimination…………….....………………………….....12

VI. CONCLUSION…………………………………………………………13

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ..................................................................4,5

*Baker v. Union Pac. R.R. Co.,* 145 F. Supp. 2d 837 (S.D. Tex. 2001).....................10

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)..............................................4,5

*Brown v. ATX Grp., Inc.,* No. 3:11-CV-3340-N-BH, 2012 WL 3962620 (N.D. Tex. 2012), report and recommendation adopted, No. 3:11-CV-3340-N-BH, 2012 WL 3962617 (N.D. Tex. 2012) ...............................................................................5

*Chhim v. University of Texas at Austin*, 836 F.3d 467 (5th Cir. 2016) ...................5,6

*Collier v. Dallas Cnty. Hosp. Dist.,* 827 F. App'x 373 (5th Cir. 2020) ......................9

*Davis v. Dallas Area Rapid Transit,* 383 F.3d 309 (5th Cir. 2004)...........................9

*Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470 (2006).........................................11

*Faragher v. City of Boca Raton,* 524 U.S. 775 (1998) ..............................................8

*Hager v. Brinker Texas, Inc.*, 102 F.4th 692 (5th Cir. 2024)....................................11

*Johnson v. PRIDE Indus., Inc.,* 7 F.4th 392 (5th Cir. 2021). ..................................6,7

*Ramsey v. Henderson*, 286 F.3d 264 (5th Cir. 2002). ................................................6

*Sonnier v. State Farm,* 509 F.3d 673, 675 (5th Cir. 2007)..........................................4

*Shepherd v. Comptroller of Pub. Accts. of State of Texas,* 168 F.3d 871 (5th Cir. 1999) .........................................................................................................................9

*Taylor v. United Parcel Serv., Inc.,* 554 F.3d 510 (5th Cir. 2008)...........................12

*Thomas v. Cook Children's Health Care Sys.,* No. 22-10535, 2023 WL 5972048 (5th Cir. Sept. 14, 2023) ........................................................................................7,8

*Uviedo v. Steves Sash & Door Co.,* 738 F.2d 1425 (5th Cir.1984)..........................12

*Winchester v. Galveston Yacht Basin*, 943 F. Supp. 776 (S.D.Tex.1996).................10

**Statutes**

42 U.S.C. § 1981 ...............................................................................................10,11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRITTANI BEASLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 4:25-cv-06074 |
| | § | |
| **JAMES HARDEN, 13 STRIKES, LLC,** | § | |
| **THIRTEEN HOSPITALITY** | § | |
| **GROUP, LLC.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS JAMES HARDEN AND 13 STRIKES, LLC'S 12(b)(6) MOTION TO DISMISS

Defendants James Harden and 13 Strikes, LLC ("13 Strikes") (collectively "Defendants") file this motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Brittani Beasley's ("Plaintiff") claims against them. In support thereof, Defendants respectfully show the Court as follows:

### I.   NATURE AND STAGE OF THE PROCEEDINGS

**A.   Plaintiff has already filed a lawsuit against James Harden and 13 Strikes.**

On December 13, 2024, Plaintiff filed a Complaint against Defendants James E. Harden, Monja Willis, and 13 Strikes, LLC for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") ("Plaintiff's First Lawsuit"). Compl., *Brittani Beasley v. Thirteen Strikes, LLC,* Civ. A. No. 4:24-cv-04912 (S.D.

1

Tex Dec. 13, 2024), ECF No. 1. Defendants first filed a motion to dismiss individual defendants James E. Harden and Monja Willis because they were not properly served and because Title VII does not apply to individuals. Mot. to Dismiss First Am. Compl. at 2, *Beasley,* Civ. A. No. 4:24-cv-04912, ECF No. 12. The Court dismissed the individual defendants and granted Plaintiff leave to amend her Complaint. Memorandum and Recommendation, *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 16. Plaintiff amended her complaint three times, and her Third Amended Complaint asserted five causes of action under Title VII including failure to promote, failure to allow Plaintiff full scope of her hosting event coordinator position, wage discrimination based on race/color, retaliation, and hostile work environment. Third Am. Compl. at 2, *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 30. Defendants moved to dismiss all of the claims in Plaintiff's First Lawsuit. Mot. to Dismiss, *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 47. On October 20, 2025, the Court issued a Memorandum and Recommendation recommending that Plaintiff's claims for wage discrimination, hostile work environment, and retaliation, which were brought under Title VII, be dismissed without prejudice. Memorandum and Recommendation at 21-22, *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 89. Specifically, the Court found that Plaintiff failed to exhaust administrative remedies because Plaintiff did not adequately plead her Title VII claims for wage discrimination, hostile work environment, and retaliation in her EEOC charge. *Id.* at

10-14. The Court denied Defendants' motion to dismiss only as to Plaintiff's failure to promote claim under Title VII. *Id.* at 21. The District Judge adopted the Magistrate Judge's Recommendation in full. Order at 1-2, *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 104. On February 15, 2026, 13 Strikes moved for summary judgment on Plaintiff's failure to promote claim. Mot. for Summ. J., *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 113.

## B.   The present lawsuit is based on the same facts as Plaintiff's First Lawsuit.

Fifteen days before the discovery deadline in Plaintiff's First Lawsuit, Plaintiff filed the present lawsuit in the Southern District of Texas against Defendants, asserting many of the same claims (the "Second Lawsuit"). The factual allegations in the Second Lawsuit are nearly identical to those in Plaintiff's First Lawsuit.

In this Second Lawsuit against Defendants, Plaintiff asserts claims for breach of representation agreement, wage discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981 ("Section 1981"). [Dkt. 1 at § V.] Defendants executed a Waiver of Summons of Service of Plaintiff's Complaint on December 16, 2025. [Dkt. 9.] Defendants now move the Court to dismiss Plaintiff's claims in this Second Lawsuit under Federal Rules of Civil Procedure 12(b)(6) because she has failed to state a claim.

## II. SUMMARY OF THE MOTION

Defendant's motion to dismiss should be granted because Plaintiff fails to satisfy the pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's Complaint is vague, conclusory, and contains threadbare allegations with insufficient factual information to state a plausible claim for relief. Thus, Plaintiff's lawsuit should be dismissed with prejudice.

## III. STATEMENT OF THE ISSUES

Defendant's motion presents this court with the following issues for ruling:

- Whether Plaintiff's Second Lawsuit and the § 1981 claims should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) based upon the absence of any plausible factual allegations in the Complaint.

## IV. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm,* 509 F.3d 673, 675 (5th Cir. 2007). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with

4

enough specificity "to raise a right to relief above the speculative level[.]" *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Although a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions. *Twombly,* 550 U.S. at 555. A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Iqbal,* 556 U.S. at 678. The factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all the allegations are true. *Twombly,* 550 U.S. at 570.

Although a *pro se* litigant is held "to a more lenient standard than lawyers" when evaluating a complaint for purposes of Rule 12(b)(6), "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see Brown v. ATX Grp., Inc.,* No. 3:11-CV-3340-N-BH, 2012 WL 3962620, at *5 (N.D. Tex. July 16, 2012), report and recommendation adopted, No. 3:11-CV-3340-N-BH, 2012 WL 3962617 (N.D. Tex. Sept. 11, 2012) ("[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal").

## V.     ARGUMENTS AND AUTHORITIES

### A.     Plaintiff's claims should be dismissed under Rule 12(b)(6) because Plaintiff has not pled sufficient facts to establish plausible claims against Defendants.

Plaintiff fails to plead sufficient facts to establish any plausible cause of action. Each cause of action asserted is vague and conclusory and does not allege any facts to support the ultimate elements of the causes of action. Therefore, the causes of action pled are not viable and should be dismissed with prejudice.

#### *1. Plaintiff fails to state a plausible claim for hostile work environment under Section 1981.*

To survive a motion to dismiss, a plaintiff must plead all facts necessary to establish the "ultimate elements" of a hostile work environment claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). To establish a claim of hostile work environment under Section 1981, a plaintiff must plead facts sufficient to prove she (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on her membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Johnson v. PRIDE Indus., Inc.,* 7 F.4th 392, 399-400 (5th Cir. 2021) (*citing Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). Harassment is sufficiently "severe or pervasive enough" to create a hostile work environment when it is "objectively hostile or

6

abusive"—meaning "an environment that a reasonable person would find hostile or abusive" *Johnson,* 7 F.4th at 400.

"To determine whether a work environment is objectively offensive, courts must consider 'the totality of the circumstances,' including: '(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance.'" *Thomas v. Cook Children's Health Care Sys.,* No. 22-10535, 2023 WL 5972048, at *3 (5th Cir. Sept. 14, 2023) (quoting *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007)).

Plaintiff fails to allege any facts sufficient to establish a claim for hostile work environment. In her Complaint, Plaintiff alleges that, "[a]ccording to Academy to Innovate HR, Defendants engaged in eight hostile work environment practices." [Dkt. 1 at p. 13-14.] However, Plaintiff fails to allege any facts to support her claim for hostile work environment. Instead, Plaintiff lists eight practices from "Academy to Innovate HR." [*Id.*] Plaintiff fails to explain what "Academy to Innovate HR" is. Likewise, Plaintiff fails to allege any connection between Defendants' conduct and "Academy to Innovate HR." Plaintiff also does not assert an allegation that violating "Academy to Innovate HR's" is illegal, much less any facts that would show Defendants subjected her to a hostile work environment. Plaintiff references the sections of her Complaint for retaliation, breach of representation agreement, and

7

wage discrimination. As a result, it is unclear what specific facts support Plaintiff's claim for hostile work environment.

Even looking at her Complaint as a whole, Plaintiff fails to plead any facts that would support her claim. Plaintiff alleges that she was harassed on a call by a former front of house manager who believed that Plaintiff was charging a fee and "requested" that Plaintiff pay for it. [Dkt. 1 at p. 11, ¶ 2.] She then alleges that she was harassed by a payroll clerk who asked her to pay employees who did not work at a particular event. [Dkt. 1 at p. 11, ¶ 3.] Plaintiff claims that these alleged actions constitute harassment because the communication was "unnecessary." [*Id.*] Lastly, Plaintiff alleges that she was harassed when the payroll clerk requested documents from the Plaintiff "in the absence of her supervisor," and when she requested clarification on what that meant, she did not receive a response. [Dkt. 1 at p. 12, ¶ 4.] Plaintiff does not allege that any of these actions were based on her race. In order to survive a motion to dismiss a hostile work environment claim, Plaintiff's complaint must plausibly allege facts that demonstrate she was "repeatedly subjected to harassment based on [her] race." *Thomas,* 2023 WL 5972048, at *4. Plaintiff does not explain how any of these actions could constitute harassment, let alone harassment based on race.

Lastly, Plaintiff has not, and cannot, plausibly allege that these three instances are sufficient to show severe and pervasive harassment. *See Faragher v. City of Boca*

*Raton,* 524 U.S. 775, 786-87 (1998) (holding that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment and noting that "[d]iscourtesy or rudeness should not be confused with racial harassment"); *Collier v. Dallas Cnty. Hosp. Dist.,* 827 F. App'x 373, 377 (5th Cir. 2020) (noting that the alleged conduct must be more than rude or offensive comments or teasing); *Shepherd v. Comptroller of Pub. Accts. of State of Texas,* 168 F.3d 871, 874 (5th Cir. 1999) (holding that the "mere utterance of an epithet which engenders offensive feeling in an employee" is not the type of "extreme conduct" sufficient to support a claim for hostile work environment).

Because the conclusory allegations in Plaintiff's Complaint are insufficient to state a plausible hostile work environment claim, they must be dismissed.

### 2. *Plaintiff fails to state a plausible claim for retaliation under Section 1981.*

A "prima facie case of retaliation under either Title VII or § 1981" requires that a plaintiff "show that: (1) [s]he engaged in an activity protected by Title VII; (2) [s]he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 319 (5th Cir. 2004).

Plaintiff does not allege that she engaged in a protected activity. Instead, she claims that she complained about wage discrimination. [Dkt. 1 at p. 11, ¶ 1.]

9

Specifically, she alleges she complained that she was discriminated against because she paid company expenses out of her own pocket and was being compensated less than a former general manager. [Dkt. 1 at p. 10, ¶ 1.] However, to qualify as protected activity, a complaint of discrimination must relate clearly to a protected characteristic to be covered by Title VII. *See Baker v. Union Pac. R.R. Co.,* 145 F. Supp. 2d 837, 844 (S.D. Tex. 2001*); see also Winchester v. Galveston Yacht Basin*, 943 F. Supp. 776, 781 (S.D. Tex. 1996) (plaintiff failed to show that she engaged in protected activity under Title VII because her letter of complaint regarding her salary did not "indicate that she opposed the pay disparity on gender grounds"). Plaintiff does not allege that the complaint concerning her compensation or reimbursement of expenses was based on race. Therefore, Plaintiff has not pled any facts to establish that she engaged in a protected activity, and as a result she cannot establish a *prima facie* case for retaliation under Section 1981.

For the above reasons, Plaintiff's retaliation cause of action against Defendants should be dismissed with prejudice.

### 3. *Plaintiff fails to state a plausible claim for breach of representation agreement under Section 1981.*

Plaintiff brings a claim for breach of a "Representation Agreement" under § 1981. There is no stand-alone cause of action under § 1981 for breach of a representation agreement. However, to make out a prima facie case of a violation of Section 1981, a plaintiff must show intent to discriminate. Specifically, she must

10

show that 1) she is a member of a racial minority; 2) the employer had intent to discriminate against her on the basis of race; and 3) the discrimination concerned one or more of the activities enumerated in Section 1981. *Hager v. Brinker Texas, Inc.,* 102 F.4th 692, 700 (5th Cir. 2024). The enumerated activities are "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "Any claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship,' under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 470 (2006).

Plaintiff alleges that Defendants breached a "representation agreement" by preventing her from performing the duties within her job description and requiring her to perform duties outside of it. [Dkt. 1 at p. 12, § C.] However, Plaintiff does not identify what the Representation Agreement is, and she does not allege that the Representation Agreement was a binding and enforceable contract. Plaintiff merely identifies several instances in which she either performed or was prevented from performing the duties listed in her job description. [Dkt. 1 at p. 12-13, § C.] Additionally, Plaintiff does not allege that the actions taken by Defendants were because of Plaintiff's race. Therefore, Plaintiff has not shown contractual obligations between the parties or that Defendants intended to prevent her from performing the duties in her job description because of her race.

11

For the above reasons, the breach of representation agreement cause of action against Defendants should be dismissed with prejudice.

### 4. *Plaintiff fails to state a plausible claim for wage discrimination under Section 1981.*

To make out a prima facie case of discrimination in compensation, a plaintiff must show that she was a member of a protected class and that she was paid less than a non-member for work requiring substantially the same responsibility. *Uviedo v. Steves Sash & Door Co.,* 738 F.2d 1425, 1431 (5th Cir.1984). At the motion to dismiss stage, to make this showing, Plaintiff must plead facts showing that her circumstances were "nearly identical to those of a better-paid employee who is not a member of the protected class." *Taylor v. United Parcel Serv., Inc.,* 554 F.3d 510, 522 (5th Cir. 2008). Additionally, Plaintiff must present *prima facie* evidence that her pay was lower than *specific* employees who are not members of the protected class. *Id.* at 523.

Plaintiff does not identify a similarly situated employee outside of her protected class who earned more than she did. Although Plaintiff references Heather Grimm, an employee who received a $10,000 bonus, she acknowledges that, unlike Plaintiff, Ms. Grimm worked in an administrative role. [Dkt. 1 at p. 10, ¶ 3.] Accordingly, Plaintiff has failed to allege that a similarly situated employee outside of her protected class was paid more than she was. Plaintiff bases her claim for wage discrimination upon allegations that she was demoted and denied back pay, that she

requested backpay on behalf of another employee who was later demoted, and that she did not receive differential pay as her responsibilities increased. [Dkt. 1 at p. 10, ¶ 1-2.] These allegations do not support a claim for wage discrimination because Plaintiff has not identified appropriate comparators or demonstrated job similarity.

Therefore, Plaintiff's wage discrimination claim against Defendants should be dismissed with prejudice.

## VI. CONCLUSION AND PRAYER

For the foregoing reasons, Defendants request that the Court grant this Motion to Dismiss, dismiss all claims and causes of action asserted by Plaintiff against Defendants in her Original Complaint with prejudice to refiling. Defendants respectfully request any further relief to which the Court finds they are justly entitled.

Respectfully submitted,

*/s/ Elizabeth J. Portie*
**JOSEPH W. GAGNON**
Attorney In Charge
Texas Bar No. 00787507
S.D. Tex. No. 16885
**EMMA R. BROCKWAY**
Texas Bar No. 24125156
S.D. Tex. No. 3709883
**ELIZABETH J. PORTIE**
Texas Bar No. 24149308
S.D. Tex. No. 3940724
**FISHER & PHILLIPS LLP**
910 Louisiana, Suite 4000
Houston, TX 77002

Telephone: (713) 292-0150
Facsimile: (713) 292-0151
jgagnon@fisherphillips.com
ebrockway@fisherphillips.com
eportie@fisherphillips.com
**Attorneys for Defendants James Harden and 13 Strikes, LLC**

## CERTIFICATE OF WORD COUNT

Pursuant to Rule 5 of the Court's Procedures, I certify that this motion contains 2,923 words, according to the word count tool in the computer program used to prepare this motion.

*/s/ Elizabeth J. Portie*
**ELIZABETH J. PORTIE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2026, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF document filing system, which sent notification and copies of the filing to all parties and counsel of record.

*/s/ Elizabeth J. Portie*
**ELIZABETH J. PORTIE**