## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BRITTANI BEASLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **No. 4:25-cv-06074** |
| | § | |
| **JAMES HARDEN, 13 STRIKES, LLC,** | § | |
| **THIRTEEN HOSPITALITY** | § | |
| **GROUP, LLC.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT JAMES HARDEN, JR.'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Respectfully submitted,

**OF COUNSEL:**

**EMMA BROCKWAY**
State Bar No. 24125156
Southern District ID No. 3709883
ebrockway@fisherphillips.com

**ELIZABETH J. PORTIE**
Texas Bar No. 24149308
S.D. Tex. No. 3940724
eportie@fisherphillips.com

**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 292-0150 Office
(713) 292-0151 Fax

*/s/ Elizabeth J. Portie*
**JOSEPH W. GAGNON**
State Bar No. 00787507
Southern District ID No. 16885
jgagnon@fisherphillips.com

**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, Texas 77002
( (713) 292-0150 Office
(713) 292-0151 Fax

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

1

## DEFENDANT JAMES HARDEN, JR.'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant James Harden, Jr. ("Defendant" or "Mr. Harden") files this Response in opposition to Plaintiff's Motion for Default Judgment. In support thereof, Mr. Harden shows as follows:

### I.      RELEVANT BACKGROUND

Plaintiff filed the instant lawsuit on December 16, 2025, in the Southern District of Texas against Mr. Harden and 13 Strikes LLC ("13 Strikes") (collectively "Defendants").

On January 16, 2026, 13 Strikes executed a Waiver of the Service of Summons, which extended its time to file an answer or a motion under Rule 12 within 60 days from December 16, 2025, which made 13 Strike's deadline to answer February 16, 2026. (Dkt. 9.)

On January 20, 2026, the Court issued a summons as to Mr. Harden. On that same day, counsel for Mr. Harden, Emma Brockway, informed Plaintiff that she was authorized to accept service on behalf of Mr. Harden. (Exhibit A, Emails.) Ms. Brockway also requested that Plaintiff send her a waiver of the service of summons for Mr. Harden. *Id*. Plaintiff responded, "It was already given to the U.S. Marshals. They will serve him at his game February 11, 2026." *Id*.

Instead of sending Mr. Harden's counsel the Waiver of the Service of Summons, Mr. Harden was forced to accept service through counsel from a United

2

States marshal on January 23, 2026. (Dkt. 12.) Indeed, Ms. Brockway received the summons via email from the U.S. marshal and confirmed her acceptance of service on behalf of Mr. Harden. *Id*. The proof of service was filed on January 27, 2026. *Id*.

13 Strikes' responsive pleading or Rule 12 motion was due on Monday, February 16, which is President's Day, a federal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C), 4(d). Thus, 13 Strikes' deadline was Tuesday, February 17, 2026. *Id*. In contrast, Mr. Harden was not given the opportunity to waive service. Rather, his attorney was served through a U.S. marshal. (Dkt. 12.) As such, Mr. Harden's responsive pleading or Rule 12 motion was due one business day before (excluding the federal holiday) 13 Strikes' deadline, on Friday, February 13, 2026. Mr. Harden and 13 Strikes filed and served their Motion to Dismiss on Monday, February 16, 2026. (Dkt. 14.)

## II.   ARGUMENTS AND AUTHORITIES

### a.  *The Deadline for Mr. Harden's Answer Has Not Yet Passed.*

Plaintiff argues she is entitled to default judgment because Mr. Harden has not filed an answer. According to the Federal Rules of Civil Procedure Rule 12(a), a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1). However, a motion to dismiss under Rule 12 must be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b).

The filing of a motion to dismiss under Rule 12 extends the deadline for filing a responsive pleading, including an answer, until 14 days after notice of the court's denial of the motion. Fed. R. Civ. P. 12(a)(4); *Russell v. Watkins Ludlam Winter & Stennis, P.A.*, 181 F. App'x 441, 444 n. 8 (5th Cir. 2006) (rejecting the argument that default judgment should have been entered because the appellees filed a motion to dismiss instead of an answer because "[a]lthough a motion to dismiss is not a responsive pleading," the appellees were not required to file a responsive pleading until the court ruling on their pending Rule 12 motion).

Because Mr. Harden filed his Motion to Dismiss on February 16, 2026, and the Court has not yet ruled on that motion, Mr. Harden's deadline has not yet become due. Instead, his deadline to file an answer is extended until the motion is determined. *See* Fed. R. Civ. P. 12(a)(4).

### b. *Plaintiff's Motion for Default Judgment Should be Denied.*

Although Mr. Harden filed his Motion to Dismiss three days after the deadline, Plaintiff is not entitled to default judgment. Even if a response is filed late, default judgments are disfavored and "such judgments should not be granted solely because the defendant failed to meet a procedural time requirement." *Spiegelberg v. Toelle*, No. 5:05-CV-130-C, 2005 WL 8159307, at *1 (N.D. Tex. Oct. 24, 2005) (denying default judgment against defendant after he filed his answer thirty-five days after its due date) (citing *Mason & Hanger v. Metal Trades Council*, 726 F.2d

4

166, 168 (5th Cir. 1984)).

If a plaintiff fails to show that the defendant's delay in filing an answer or motion under Rule 12 resulted in prejudice, "it is within the discretion of the court to deny the motion for default judgment." *Id.* "Mere delay does not alone constitute prejudice. . . The plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

Courts routinely deny motions for default judgment where the defendant fails to timely file a Rule 12 motion or a responsive pleading and the plaintiff does not experience any prejudice. *See Flores v. Select Energy Servs., L.L.C.,* 486 F. App'x 429, 432 (5th Cir. 2012) (finding no abuse of discretion when the district court denied default judgment after defendant filed a motion to dismiss one day after the deadline for filing an answer or a motion under Rule 12); *Fortenberry v. Texas*, 75 F. App'x 924, 926, n. 1 (5th Cir. 2003) (finding no abuse of discretion where a trial court denied default judgement when defendants filed their answer six days late and Plaintiff was unable to demonstrate prejudice); *Finch v. Big Chief Drilling Co.,* 56

F.R.D. 456, 458 (E.D. Tex. 1972) (denying plaintiff's motion for default judgment where plaintiff failed to show any prejudice as a result of defendant's ten-day delay in filing its answer).

Mr. Harden's first responsive pleading or Rule 12 motion was due on Friday, February 13, 2026. Defendants 13 Strikes and Mr. Harden filed their Motion to Dismiss on Monday, February 16, 2026. Because Plaintiff permitted 13 Strikes to sign a Waiver of the Service of Summons, its first responsive pleading or Rule 12 motion was not due until Tuesday, February 17, 2026. Due to these conflicting deadlines, counsel inadvertently failed to calendar the deadlines correctly. Mr. Harden nevertheless did not delay the filing of his Motion to Dismiss for an improper purpose. Accordingly, the delay of a mere four calendar days was minimal and has no impact on the proceedings. Therefore, Plaintiff's Motion for Default Judgment should be denied.

## III.   CONCLUSION

Mr. Harden's Answer is not due until the Court issues a ruling on his Motion to Dismiss. Although Mr. Harden filed his Motion to Dismiss three days past the deadline, the delay is not grounds for a default judgment.

WHEREFORE, Defendant James Harden, Jr., prays that, upon consideration, Plaintiff's Motion for Default Judgment be, in all things, denied. Mr. Harden prays for any and all further relief, both at law and in equity, as required by law or within

the Court's discretion, to which it may be justly entitled.

Respectfully submitted,

*/s/ Elizabeth J. Portie*
**JOSEPH W. GAGNON**
Attorney In Charge
Texas Bar No. 00787507
S.D. Tex. No. 16885
jgagnon@fisherphillips.com
**FISHER & PHILLIPS LLP**
910 Louisiana, Suite 4000
Houston, TX  77002
Telephone: (713) 292-0150
Facsimile: (713) 292-0151
**ATTORNEY-IN-CHARGE FOR
DEFENDANT**

**EMMA R. BROCKWAY**
Texas Bar No. 24125156
S.D. Tex. No. 3709883
ebrockway@fisherphillips.com
**ELIZABETH J. PORTIE**
Texas Bar No. 24149308
S.D. Tex. No. 3940724
eportie@fisherphillips.com
**FISHER & PHILLIPS LLP**
910 Louisiana, Suite 4000
Houston, TX  77002
Telephone: (713) 292-0150
Facsimile: (713) 292-0151
**OF COUNSEL FOR DEFENDANT**

## CERTIFICATE OF WORD COUNT

Pursuant to Rule 5 of the Court's Procedures, I certify that this motion contains 1207 words, according to the word count tool in the computer program used to prepare this motion.

*/s/ Elizabeth J. Portie*
**ELIZABETH J. PORTIE**


## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2026, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF document filing system, which sent notification and copies of the filing to all parties and counsel of record.

*/s/ Elizabeth J. Portie*
**ELIZABETH J. PORTIE**