**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRITTANI BEASLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **No. 4:25-cv-06074** |
| | § | |
| **JAMES HARDEN, 13 STRIKES, LLC,** | § | |
| **THIRTEEN HOSPITALITY** | § | |
| **GROUP, LLC.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Defendants 13 Strikes, LLC ("13 Strikes") and James Harden (collectively "Defendants") file this Response to Plaintiff's Motion to Consolidate and show as follows:

**I.    BACKGROUND**

Plaintiff, a former employee of 13 Strikes, filed a complaint against Defendants one year and three months ago on December 13, 2024 ("Plaintiff's First Lawsuit"). *See* Compl., *Brittani Beasley v. Thirteen Strikes, LLC,* Civ. A. No. 4:24-cv-04912 (S.D. Tex Dec. 13, 2024), ECF No. 1. The Court later dismissed all but one of Plaintiff's claims against Defendants. *See* Memorandum and Recommendation at 21-22, *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 89. Specifically, the Court denied Defendants' motion to dismiss only as to Plaintiff's

1

failure to promote claim under Title VII. *Id.* at 21. The District Judge adopted the Magistrate Judge's Recommendation in full. Order at 1-2, *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 104. On February 15, 2026, 13 Strikes moved for summary judgment on Plaintiff's sole remaining claim. Mot. for Summ. J., *Beasley, LLC,* Civ. A. No. 4:24-cv-04912, ECF No. 113. That motion is currently pending the Court's review.

Fifteen days before the discovery deadline in Plaintiff's First Lawsuit, Plaintiff filed the present lawsuit against Defendants, asserting many of the same claims (the "Second Lawsuit"). The factual allegations in the Second Lawsuit are nearly identical to those in Plaintiff's First Lawsuit. In this Second Lawsuit, Plaintiff asserts claims for breach of representation agreement, wage discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981 ("Section 1981"). [Dkt. 1 at § V.]

Now, Plaintiff has asked the Court to consolidate the First Lawsuit and the Second Lawsuit under Federal Rule of Civil Procedure 42(a).

## II.   ARGUMENT & AUTHORITIES

Rule 42(a) provides that, if actions before the court involve a common question of law or fact, the court may consolidate the actions to avoid unnecessary cost or delay. *See* Fed. R. Civ. P. 42(a). However, even where some common issues exist, consolidation remains discretionary, not mandatory. *In re Air Crash Disaster*

2

*at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Indeed, courts considering consolidation weigh whether consolidation would promote convenience and economy, or instead cause delay, prejudice, expense, or confusion. *Id*. at 1014. Accordingly, the moving party bears the burden to show that the proposed consolidation will streamline proceedings and not unfairly prejudice the opposing parties. *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966). Where the cases present materially different facts, different witnesses, different defenses, or different procedural schedules, denial of consolidation is appropriate.

Here, Plaintiff has not shown that consolidation would promote efficiency without prejudicing Defendants with respect to their Motion to Dismiss. Plaintiff's motion relies on generalized assertions of overlap, but generalized overlap is insufficient. The Court must assess whether consolidation would meaningfully reduce duplication in discovery, motion practice, witness testimony, or trial presentation. Although the First and Second Lawsuit contain nearly identical factual allegations, they contain different questions of law. Moreover, the First Lawsuit is set for trial in August 2026, whereas the Second Lawsuit is set for trial in March/April 2027. In all, to the extent consolidation prejudices Defendants with respect to their Motion to Dismiss, Defendants request that the Court deny Plaintiff's Motion to Consolidate. Moreover, for the reasons detailed in Defendants' Motion to Dismiss, Plaintiff's claims against in the Second Lawsuit should be dismissed.

## III.    CONCLUSION

Therefore, Defendants request that the Court deny Plaintiff's Motion to Consolidate.

Respectfully submitted,

*/s/  Emma Brockway*
**JOSEPH W. GAGNON**
Attorney In Charge
Texas Bar No. 00787507
S.D. Tex. No. 16885
jgagnon@fisherphillips.com
**FISHER & PHILLIPS LLP**
910 Louisiana, Suite 4000
Houston, TX  77002
Telephone: (713) 292-0150
Facsimile: (713) 292-0151
**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**EMMA R. BROCKWAY**
Texas Bar No. 24125156
S.D. Tex. No. 3709883
ebrockway@fisherphillips.com
**ELIZABETH J. PORTIE**
Texas Bar No. 24149308
S.D. Tex. No. 3940724
eportie@fisherphillips.com
**FISHER & PHILLIPS LLP**
910 Louisiana, Suite 4000
Houston, TX  77002
Telephone: (713) 292-0150
Facsimile: (713) 292-0151
**OF COUNSEL FOR DEFENDANT**

4

## CERTIFICATE OF WORD COUNT

Pursuant to Rule 5 of the Court's Procedures, I certify that this motion contains 569 words, according to the word count tool in the computer program used to prepare this motion.

*/s/  Emma Brockway*
**EMMA R. BROCKWAY**


## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2026, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF document filing system, which sent notification and copies of the filing to all parties and counsel of record.

*/s/  Emma Brockway*
**EMMA R. BROCKWAY**