**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

**BRITTANI BEASLEY,**                          §
                                               §       MAY 0 5 2026
**Plaintiff,**                                 §
                                               §       Nathan Ochsner, Clerk of Court
**V.**                                         §
                                               §       **No. 4:25-cv-06074**
                                               §
**JAMES HARDEN JR., 13 STRIKES LLC,**          §
**JAMES HARDEN JR. DBA THIRTEENS**             §
**HOSPITALITY GROUP, LLC.**                    §
                                               §
**Defendants.**                                §
                                               §

## REPLY/SUPPORT TO PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AGAINST THIRTEEN'S HOSPITALITY GROUP LLC.

May 5th, 2026                          Respectfully Submitted,


Brittani Beasley
2746 N Southern Oaks Dr
Houston TX 77068
346.861.7450
bbeasley20@gmail.com

## BACKGROUND

Ms. Beasley, Plaintiff filed a Motion for Default Judgement against Thirteens Hospitality Group LLC. on April 8th, 2026 (Dkt. 28) which was served by the U.S. Marshals on March 13, 2026 (Dkt. 27).

## INTRODUCTION

The Plaintiff further seeks her Motion for default judgement under Texas Law as Mr. Harden signed as Thirteens Hospitality Group LLC. on contract agreements, making him and the entity legally one in the same, the Plaintiff successfully served the Defendant, and Thirteens Hospitality Group LLC. has not appeared to defend itself against the Plaintiff's Motion for default judgement.

## ARGUMENTS AND AUTHORITIES

**A. Mr. Harden and Thirteens Hospitality Group LLC. are legally the same entity.**

Any unincorporated business is one in the same as the sole proprietor or a general partner. On legal documents[1] Mr. Harden signed as an individual, not as a representative, making him fully responsible as the entity. Furthermore, Mr. Harden's personal liability for business debts and

---

[1] See Exhibit A: An extended lease contract signed by Mr. Harden as 13 Strikes, LLC., Thirteens Hospitality Group, LLC. and Mr. Harden. Public Records: Cause No. 2025-65114, Texas State Court.

lawsuits are unlimited due to the lack of the liability shield without forming a filing entity through the Secretary of State under the Texas Business Codes. Texas Rule of Civil Procedure 28 states any partnership, unincorporated association, private association, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the courts own motion the true name may be substituted. "Under this rule, a plaintiff can bring suit against an individual [or entity] doing business under the of an association, partnership or corporation, even if the association, partnership, or corporation does not exist. *Chilkewitz v. Hyson,* 22 S.W.3d 825, 828-29 (Texas 1999). Also, in accordance to *Broemer v. Houston Lawyer Referral Serv.,* 407 S.W.3d 722, 730 (Tex.App-Houston [1st Dist.] 2009, no pet) "[A] party may not avoid liability under an assumed name merely because it did not file an assumed name certificate when there is evidence that the party did business under that name."

**B. The Plaintiff successfully served the Defendant through the Secretary of State. (Dkt 27)**

Thirteen's Hospitality Group LLC. failed to maintain a registered agent, thus,

BOC § 5.251 (business organization code) states the Secretary of State is an agent of the entity for service of process, notice or demand if the entity fails to appoint and maintain a registered agent. BOC 5.251 "permits service on the Secretary of State if: the registered agent of the entity with reasonable diligence cannot be found…" *Balkan Express, LLC. v. Hollins*, No. 01-22-00911-cv, 2023 WL 8720912 (Tex.App.—Houston [1st Dist.] 2023, no pet.)

**C. The Plaintiff's Motion for Default Judgment must be granted as the Defendant shows inexcusable neglect for failure to appear with no indication 'itself' to defend the suit.**

Mr. Harden hired counsel to defend himself as the individual but not as the James Harden Jr. dba Thirteens Hospitality Group LLC nor Thirteens Hospitality Group LLC. Rule 55 requires, at a minimum, that the defaulting party, in communication with the moving party, to express "a clear intention to defend", *N.Y. Life Insurance. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Mr. Harden has not met that requirement.

**D. Mr. Harden (individual) and James Harden Jr. dba Thirteens Hospitality Group LLC (entity), faces double default for willful abuse of the judicial process.**

Both individual and entity had sufficient time to respond. Mr. Harden's counsel falsely misrepresented that he waived service of process (Dkt. 12; Dkt 14, p. 7), and Thirteen's Hospitality Group LLC. has yet to appear and faulty, requests the court dismiss the Plaintiff's Motion to avoid liability under its own unincorporated pretense. *Wooten v McDonald Transit Assoc., Inc.,* 775 F.3d 689 (5th Cir. 2015) found willful default because the defendant had "fair notice" of the plaintiff's claims  and willfully "never answered or defended the suit".

## PRAYER AND RELIEF

The Plaintiff, prays, that her Motion for Default Judgement against Thirteens Hospitality Group, LLC., liable Defendant James Harden Jr. dba Thirteens Hospitality Group LLC be granted in the amount of $100 million dollars.

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

I CERTIFY that, per Apple Pages word-count feature, the brief contains 732 words.

## CERTIFICATE OF SERVICE

On May 5th, 2026, I certify that I caused a true and correct copy of the foregoing to be served via certified mail to 3 W. Rivercrest Dr, Houston TX. 77042, the last known address for Mr. Harden and Thirteens Hospitality Group LLC.

By:_____

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRITTANI BEASLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | No. 4:25-cv-06074 |
| | § | |
| **JAMES HARDEN JR., 13 STRIKES LLC,** | § | |
| **JAMES HARDEN JR. DBA THIRTEENS** | § | |
| **HOSPITALITY GROUP, LLC.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER

Presently before the court is the Plaintiff Brittani Beasley's Motion for Default Judgement pursuant to Fed. R. Civ. P. 12 and 55. Having considered the Motion for Default Judgement, any response and any reply, the Court finds that the Motion for Default Judgment shall be **GRANTED.**

So ordered.

Signed on _____, at Houston, Texas.

_____
Hon. David Hittner
United States District Court

# EXHIBIT A

## LEASE EXTENSION AGREEMENT

This LEASE EXTENSION AGREEMENT (this "Lease Extension") is made and entered into effective as of the 18th day of July 2025 ("Lease Extension Effective Date"), by and between MIDTOWN SCOUTS SQUARE PROPERTY LP, a Texas limited partnership ("Landlord"), and 13 STRIKES LLC and THIRTEEN HOSPITALITY GROUP LLC, a Texas limited liability company (collectively, "Tenant").

This Lease Extension is extending the Lease Agreement by and between the parties hereto for the property located at 1911 Bagby Street, Houston, Texas 77002 (the "Lease"). All capitalized terms used herein without definition shall have the meanings set forth in the Lease.

The Lease shall be modified and extended solely with respect to the Initial Term with an amended and extended termination date of October 10, 2025 (the "Extension Term").

Except as to the Extension Term, all other terms, conditions, and provisions of the Lease shall remain unchanged and in full force and effect.

Notwithstanding anything in the Lease or Lease Extension, and for the avoidance of doubt, this Lease Extension does not modify, amend, or otherwise waive or release any and all claims, liabilities, responsibilities, and obligations of any person or party to the Lease, including, without limitation the personal guaranty of James Harden which is and remains in full force and effect.

This Lease Extension may be executed and exchanged in counterparts and electronically, and each counterpart shall be deemed an original, but all of which together shall constitute one and the same instrument.

[Signature page follows.]

**LANDLORD**

**Midtown Scouts Square Property, LP**

By: Midtown Scouts Square, LLC,
its general partner

By:

Date: July 11, 2025

**TENANT**

**13 Strikes, LLC**

By:

Date: July _____ 2025

**Thirteens Hospitality Group, LLC**

By:

Date: July _____ 2025

**James Harden, as Guarantor**

By:

Date: July _____ 2025

